## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DANIEL RIKANOVICH,

      Plaintiff,

v.                                Case No. 8:18-cv-2600-T-60TGW

LIBERTY MUTUAL INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER GRANTING "DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT"

This matter is before the Court on "Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint," filed on December 2, 2019. (Doc. 20). Plaintiff Daniel Rikanovich, proceeding *pro se*, did not file a response. Upon review of the motion, court file, and record, the Court finds as follows:

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation*

*adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555. When reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

A district court must generally permit a plaintiff at least one opportunity to amend a complaint's deficiencies before dismissing the complaint with prejudice. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "Implicit in such a repleading order is the notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotations and citation omitted).

### **Factual Background**[1]

The Court previously explained the factual background of this case as follows:

> On May 11, 1991, while working in New York as a lathe
> operator for the Carbon Graphite Group Inc. ("CGG"),
> Rikanovich slipped in oil on the floor and fell. He suffered

---

[1] The Court accepts as true the facts alleged in the amended complaint (Doc. 19) for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

severe right arm, shoulder, neck, and back injuries as a
result. CGG was insured under a workers' compensation
policy. Rikanovich filed a claim under the policy with the
New York Workers' Compensation Board ("NYWCB") and
was awarded benefits on November 13, 1992.

Rikanovich initiated the instant action on October 23,
2018. Rikanovich sues Liberty, alleging it owes him
$114,000 payable from a recent settlement of Rikanovich's
workers' compensation claim. According to Liberty,
however, Rikanovich's nearly thirty-year-old claim has
*not* settled and remains pending before the NYWCB (Case
No.: 89113327). Liberty moves to dismiss the complaint
on grounds that the Court lacks the jurisdictional
authority to decide the dispute, as it involves an unsettled
workers' compensation claim currently pending before the
NYWCB. Liberty also argues that the complaint should be
dismissed because it names the wrong defendant.
According to Liberty, the workers' compensation carrier at
issue here, and thus the proper defendant, is Liberty
Mutual *Fire* Insurance Company ("Liberty Fire"); not
Liberty.

(Doc. 14) (italics in original).

## **Procedural Background**

On July 11, 2019, Judge Kovachevich dismissed Rikanovich's complaint

because: (1) the Court could not identify the carrier at issue; (2) Rikanovich failed to

plausibly allege the existence and breach of an enforceable settlement agreement;

and (3) Rikanovich's workers' compensation claim was likely barred by the

exclusivity of New York's workers' compensation laws if his claim was in fact

currently pending before the NYWCB. (*Id.*). In an abundance of caution, Judge

Kovachevich granted Rikanovich leave to file an amended complaint that "properly

state[d] a plausible claim within the Court's jurisdiction, and that otherwise

conform[ed] to the pleading requirements of the Federal Rules of Civil Procedure."

<u>**Analysis**</u>

On November 11, 2019, Rikanovich filed his amended complaint. (Doc. 19). The amended complaint is largely incomprehensible and, despite Judge Kovachevich's clear directions, fails to cure any of the defects of his original complaint. Rikanovich has again failed to sufficiently (1) identify the carrier at issue; (2) plead the existence and breach of an enforceable settlement agreement; and (3) explain how the Court may exercise subject matter jurisdiction when his worker's compensation claim is currently pending before the NYWCB. As Rikanovich already had an opportunity to cure these defects but failed to do so, the amended complaint is dismissed. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). However, the Court's dismissal is without prejudice to Rikanovich's ability to pursue these claims in an appropriate forum and at an appropriate time.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Liberty Mutual Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 20) is **GRANTED**.

2. Rikanovich's amended complaint (Doc. 19) is **DISMISSED WITHOUT PREJUDICE** to any right he may have to pursue these claims in an appropriate forum and at an appropriate time.

3. The Clerk is directed to terminate any pending motions or deadlines and thereafter **CLOSE THIS CASE**.

   **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>13th</u> day of

April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**